IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARL WHITLEY, on behalf of himself and others similarly-situated, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 1:13-cv-294 |
| BAE SYSTEMS LAND & ARMAMENTS, L.P., | § § § | JURY TRIAL REQUESTED |
| *Defendant.* | § § | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff CARL WHITLEY, by and through his counsel, for his Complaint against Defendant BAE SYSTEMS LAND & ARMAMENTS, L.P. (hereinafter "Defendant"), seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### I.   INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA") by Plaintiff CARL WHITLEY (hereinafter "Plaintiff"), on behalf of himself and all others similarly-situated, who were formerly or are currently employed as Field Service Representatives or Senior Field Service Representatives (hereinafter collectively referred to as "FSRs") by Defendant. *See* 29 U.S.C. § 216(b).

2. Defendant required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to properly compensate him for such hours. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

3. As of result of such violations of the FLSA by Defendant, Plaintiff brings this action seeking legal and equitable relief provided under the FLSA.

## II.     JURISDICTION

4. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 1337.

5. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391(b)(1) because Defendant maintains offices in the Western District of Texas and is thus deemed to reside within this District. Venue is also proper in the Western District of Texas because a substantial portion of the events forming the basis of this Complaint occurred in this District.

## III.    THE PARTIES

6. Plaintiff CARL WHITLEY was at all material times an FSR employed by Defendant. He presently resides in Bell County, Texas and has been a resident of Bell County, Texas during all material times. Plaintiff worked for Defendant as an FSR at Defendant's facilities in Texas and other locations across the United States. Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendant within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

7. Defendant BAE SYSTEMS LAND & ARMAMENTS, L.P. ("BAE") is a foreign limited partnership organized in Delaware and doing business in Texas. BAE's general partner is BAE Systems Land & Armaments Holdings, Inc. BAE's principal office is located at 1525 Wilson Boulevard, Suite 700, Arlington, Virginia 22209. BAE can be served with process by serving its registered agent in Texas: CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas, Texas 75201.

## IV.     COVERAGE

8. Defendant transacts business in Texas, nationwide, and internationally.

9. At all material times, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce. 29 U.S.C. § 203(s)(1).

12. Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1).

13. At all material times, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

## V.   GENERAL FACTUAL ALLEGATIONS

14. Defendant provides services and equipment to various branches and units of the United States military pursuant to defense contracts.

15. Plaintiff is a veteran of the United States Armed Forces, who was hired by Defendant as an FSR in York Pennsylvania in or about December 2003. Plaintiff continued to work for Defendant as an FSR until on or about April 24, 2011.

16. During his employment with Defendant, Plaintiff repaired and maintained military equipment and vehicles at various locations in the United States and at foreign military installations, including military installations in the Middle East, where he was assigned to assist military units with certain combat-related vehicles and equipment. Plaintiff has been required

and/or permitted to work overtime hours but not paid time and one-half for all hours worked over forty (40) hours in a given workweek.

17. Defendant misclassified Plaintiff as exempt from the FLSA based on the professional exemption to the FLSA.

18. For at least three (3) years prior to filing this Complaint and continuing (hereinafter the "Liability Period"), Defendant has had a policy and practice of not correctly compensating its FSRs for work performed for the benefit of Defendant over and above forty (40) hours per week.

19. FSRs, such as Plaintiff, provided services to the Defendant including repair and maintenance of military equipment at various locations in the United States and at foreign military installations, where the FSRs are assigned to assist military units with certain combat-related vehicles and equipment.

20. FSRs are regularly required to work more than 40 hours per week without proper compensation for overtime hours as mandated by the FLSA.

21. Plaintiff was not provided a scheduled rest or lunch break and meals were often taken while on duty.

22. Plaintiff was required to travel without overtime compensation for travel time.

### VI.    COLLECTIVE ACTION ALLEGATIONS

23. Paragraphs 1-21 are incorporated herein as if set forth in full.

24. Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 90 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as representative of

all similarly-situated former and current employees of the Defendant. The potential class of "opt-in" employees can be defined as:

> ***All Field Service Representatives and Senior Field Service Representatives currently or formerly employed by Defendant, who were paid under a compensation system where they were not compensated for all hours worked or related overtime at the rate of time and one-half for all hours worked over forty (40) in a given workweek.***

25.     FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

26.     Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, the following: (1) Defendant's practice of misclassifying employees as exempt; (2) Defendant's practice of failing to accurately record all hours worked; (2) Defendant's practice of miscalculating the overtime rates in weeks where bonuses were paid, if any; and (3) Defendant's failure to pay employees overtime compensation.

27.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

28.     Potential Collective Action members may be informed of the pendency of this collective action through direct mail and office posting. Plaintiff believes current and former employees of the Defendant may have been affected.

29.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

(a)     Whether Plaintiff was misclassified as exempt;

(b)     Whether Plaintiff was compensated for all hours worked;

(c) Whether Plaintiff worked more than forty (40) hours per week;

(d) Whether Plaintiff was compensated at time-and-one-half his "regular rate" for all hours worked over forty in any and all weeks;

(e) Whether Defendant's practices accurately account for the time Plaintiff actually was working;

(f) Whether Defendant's compensation policy and practice is illegal; and

(g) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for overtime.

30. The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

31. The Collective Action Representative's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representative and were subject to the same or similar unlawful practices as the Collective Action Representative.

32. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly-situated current and former employees. The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

33. The Collective Action Representative is an adequate representative of similarly-situated current and former employees because they are employees of the same entity and his

interests do not conflict with the interests of the other similarly-situated current and former employees he seeks to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representative and his undersigned counsel. Furthermore, employees are interchangeable as production needs dictate and, as a result, they are all similar regardless of title or supervisor.

34. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## VII. COUNT I
### (Violation of FLSA, 29 U.S.C. § 207(a))

35. Paragraphs 1-33 are incorporated herein as if set forth in full.

36. At all material times, Plaintiff was an employee of Defendant.

37. At all material times, Defendant required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for such hours.

38. Such conduct by Defendant was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work. *See* 29 U.S.C. § 207(a).

39. Accordingly, Plaintiff and all persons similarly-situated have been deprived overtime compensation in amounts to be determined at trial.

40. Further, Plaintiff and all persons similarly-situated are entitled to recovery of such amounts in addition to liquidated damages, including without limitation costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court enter judgment in Plaintiff's favor, granting the following relief:

(a) at the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly-situated current and former employees of Defendant, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of forty (40) hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c) issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtimes wages owed to them;

(d) issue an Order directing Defendant to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest; and

(e) issue an Order declaring Defendant's overtime practices to be illegal and directing Defendant to comply with the FLSA; and

(f) provide Plaintiff with such other and further relief as the Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

Dated this 10th day of April, 2013.

                                            Respectfully submitted,

                                            /s/ Corinna Chandler
                                            Corinna Chandler
                                            Texas Bar No. 24061272
                                            Chandler Law, P.C.
                                            6611 Hillcrest Ave # 542
                                            Dallas, Texas 75205
                                            Tel: 214-722-5997
                                            Fax: 972-692-5220
                                            chandler@chandlerlawpc.com

                                            **ATTORNEY FOR PLAINTIFF**
                                            **CARL WHITLEY, on behalf of himself and others similarly-situated**